

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298


Andrew M. Spurchise
212.583.2684 direct
212.583.9600 main
212.832.2719 fax
aspurchise@littler.com

December 12, 2023

**VIA ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re:    *Liu v. Uber Technologies, Inc.*, Case Nos. 22-16507, 22-16712

Dear Ms. Dwyer:

      Uber submits this response to the EEOC's citation to *Mandala v. NTT Data, Inc.*, -- F.4th --, 2023 WL 8499054 (2d Cir. Dec. 8, 2023), reversing denial of a motion to vacate judgment and to file a first amended complaint because the district court applied an inapplicable filing deadline and abused its discretion in denying the plaintiffs' first request to amend their complaint. *Id.* at *5-6.

      The Second Circuit's decision supports dismissal of Liu's Third Amended Complaint for several reasons. First, the Second Circuit did not alter its prior holding affirming dismissal where the complaint failed to allege a "'disparity between appropriate comparator groups,'" just as Liu failed to do in his Third Amended Complaint. *Id.* at *2 (citing *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 210 (2d Cir. 2020)).

      Second, the court reiterated that plaintiffs could plausibly allege a disparate impact without "granular data" by doing what the district court asked Liu to do in this case—provide "additional allegations to explain why" the group surveyed is representative of the putative class. *Id.* at *8. Liu failed to allege facts to plausibly establish his survey results were representative of the drivers he seeks to represent. (DktEntry 23, p. 36-40.) And contrary to the EEOC's position, Liu was not required to allege the actual impact of Uber's star rating system on hundreds of thousands of drivers nationwide.

      Third, the court explained that denial of leave to amend is appropriate when, as in this case, "a plaintiff already had multiple chances to state a claim, [and thus,] there is little risk of manifest

December 12, 2023
Page 2

injustice in denying yet another go." *Mandala*, 2023 WL 8499054 at *6. The *Mandala* plaintiffs had no opportunity to amend their complaint; Liu was provided four opportunities to amend.

Finally, the Second Circuit did not, as the EEOC contends, hold that "amendment was not futile." Rather, the court held the district court erred in denying the plaintiffs' first request to amend where there were "no 'justifying reason[s]'" such as a finding by the ***district court*** that "Plaintiffs' proposed amendments would be futile." *Id.* at *8.

Very truly yours,

*s/ Andrew M. Spurchise*

Andrew M. Spurchise

AMS/mrf

cc: All counsel of record

4858-7702-0310.3 / 073208-2734